RECEIVED
FEB 2 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALISA CLARK | CIVIL ACTION NO. 05-2051 |
| VERSUS | JUDGE DOHERTY |
| FAMILY DOLLAR STORE MANAGER, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss Under Rule 12(b)(6) on Grounds of Prescription [Doc. 9] filed by one of the defendants, Family Dollar Stores of Louisiana, Inc. The motion is opposed by the plaintiff. For the following reasons, the motion will be granted in its entirety.

As the defendant's motion seeks dismissal pursuant to Rule 12(b)(6), this Court's review of the facts is limited to those alleged by the plaintiff in her Petition. According to the plaintiff, she was shopping at the Family Dollar Store in Krotz Springs, Louisiana, on August 26, 2004, when the manager of that store concluded, based upon an erroneous identification of her, that she was trespassing in the store because she previously had been forbidden from entering that store. The manager of the store contacted the police and requested that they remove her from the store.

Employees of the Family Dollar Store detained her while awaiting the arrival of the police. During this time, Family Dollar Store employees held her hand against her will to prevent her from moving about freely and indicated that she should leave the store. Once the police arrived, the manager arranged for her to be arrested for trespassing. The police removed Ms. Clark from the store, requested that she present identification, and, ultimately, detained Ms. Clark for approximately

two hours while questioning her, which she claims amounted to an arrest.

On October 13, 2005, Ms. Clark filed the instant lawsuit, in which she seeks damages under legal theories of defamation, battery, and various civil rights violations. She named, as defendants, the manager of the Family Dollar Store, the Family Dollar Store, and the XYZ Insurance Company, as insurer of both the Family Dollar Store and its manager. All defendants are sued in their official and individual capacities, where applicable. The Family Dollar Store is alleged to be liable for its own actions and vicariously liable for the actions of its employees. She seeks both compensatory and punitive damages.

The defense now moves for dismissal of Ms. Clark's petition on the ground that her claims have prescribed. When a party seeks to assert the defense of prescription, that party "has the initial burden of proving that a tort claim has prescribed, but if the defendant shows that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts to the plaintiff to prove an exception to prescription." Terrebonne Parish School Board v. Columbia Gulf Transmission Company, 290 F.3d 303, 320 (5th Cir. 2002). While the plaintiff does oppose the motion, she does not contest that: (a) Louisiana's one-year liberative prescription period applies to the claims she has asserted herein; and (b) she waited longer than one year to file her lawsuit. Thus, the face of the Petition demonstrates that her claims are prescribed, the defense has sustained its burden of proof as to prescription, and the burden now shifts to Ms. Clark to demonstrate that an exception to prescription applies to her claims.

The exception upon which Ms. Clark relies is the continuing tort doctrine. The Fifth Circuit has discussed, and ruled upon, the continuing tort doctrine many times.

A continuing tort presents [an] exception to Louisiana's one-year

prescriptive period for delicts because 'when the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated.' As the Louisiana Supreme Court has stated, 'the continuous nature of the alleged conduct has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription.' For a continuing tort to exist, however, there must generally be continuing wrongful conduct, coupled with continuing damage.

Terrebonne Parish School Board, 290 F.3d at 323. In applying the continuing tort doctrine, the Fifth Circuit has emphasized the need for ongoing tortious *conduct*, rejecting the argument that the continuing presence of a foreign substance which is no longer being actively dumped upon (or under) a plaintiff's property constitutes continuous trespass as well as the argument that a university's ongoing refusal to reinstate a student expelled from a graduate program constitutes ongoing tortious conduct. *See, e.g.* Boudreaux v. Jefferson Island Store & Hub, L.L.C., 255 F.3d 271, 274 (5th Cir. 2001) ("Assuming that injected saltwater may have settled and remained under the Boudreaux plaintiffs' property, such a circumstance is simply not sufficient to constitute a continuing trespass."); Davis v. Louisiana State University, 876 F.2d 412, 413 (5th Cir. 1989) ("Davis' claim accrued when she was expelled and barred from the campus; it matters not, for purposes of prescription, that she remains expelled and barred now.").

All of the actions upon which the plaintiff's claims against the named defendants are founded occurred on August 26, 2004. She alleges that it is on that day that she went into the Krotz Springs store, the manager arranged for her detention by store employees, the police arrested her, etc. There is no allegation whatsoever that any action has been taken by, or on behalf of, any of the named defendants at any time since that date. Clearly, then, all claims arising out of the events of that day have prescribed and, as no further detention of her occurred thereafter, no further battery, no further defamation, the continuing tort doctrine cannot, and does not, apply to those claims.

In the plaintiff's Petition, the word "continuous" is used twice. In the first, the Family Dollar Store manager is accused of continuously depriving Ms. Clark of her rights[1] and, in the second, that allegation is made against the Family Dollar Store itself.[2] In the absence of any allegation that the manager, or the store, has done anything *after* August 26, 2004, however, these conclusory allegations simply cannot sustain the plaintiff's burden of proof. As noted above, the plaintiff bears the burden of proving that an exception to the doctrine of prescription applies under the facts of this case. As such, she must show that (a) the defendants have engaged in continuous tortious conduct, (b) within one year prior to the date that the suit was filed, and (c) ongoing damages have flowed from the continuous conduct of the defendant. The allegations contained within the Petition simply do not rise to the level necessary to sustain Ms. Clark's burden of proof.

In her opposition brief, Ms. Clark declares that "the operating causes of action raised and each associated damages is *continued discriminatory denial of the plaintiff's right to freely shop in any Family Dollar Store until date*."[3] However, there is no allegation made in the Petition that there is an ongoing refusal to permit Ms. Clark to shop in "any Family Dollar Store," nor is there any explanation (in either the Petition or the brief) as to how or why the Family Dollar Store's alleged refusal to permit Ms. Clark to shop in their stores constitutes a tort, a constitutional violation, or

---

[1] "The Manager of the Family Dollar, carelessly, negligently, and intentionally refused to listen to the plea of plaintiff that she is not her sister. This Family Dollar Manager [sic] action in depriving plaintiff of her rights is continuous and very discriminating [sic] against the law." Petition, at 2, ¶ 9.

[2] "Said actions and damages are continuous and deprives the plaintiff of her constitutional rights to shop and a store of her choice including Family Dollar Stores." Petition, at 3, ¶ 14.

[3] Plaintiff's Opposition to the Defendant's Motion to Dismiss, at 2 (emphasis added).

otherwise could be actionable at law. In light of the absence of allegations establishing the existence of an ongoing, continuing tort after August 26, 2004, the plaintiff has not sustained her burden of proof to show that an exception to prescription applies to this case.

For the foregoing reasons, the Motion to Dismiss will be granted in its entirety and the plaintiff's claims arising out of the events August 26, 2004, will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _21_ day of February, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE